George Ornstein for use of Bernard Kriewitz and Charles Kriewitz, trading as Kriewitz Brothers, Appellee, v. Pittsburgh Steamship Company, Appellant.

### Gen. No. 22,946.

GARNISHMENT, § 35*—*what wages are not subject of.* A seaman employed on a steamship operated upon the Great Lakes is within section 12 of the Seaman's Law, approved March 4, 1915, providing that no wages due or accruing to any seaman or apprentice shall be subject to attachment or arrestment from any court, and such wages are not garnishable.

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Reversed. Opinion filed December 21, 1917.

KNAPP & CAMPBELL, for appellant.

No appearance for appellee.

MR. JUSTICE McDONALD delivered the opinion of the court.

Appellant was sued as garnishee for the sum of $46.65 on an indebtedness due Bernard and Charles Kriewitz from one George Ornstein, the latter being in the employ of the appellant. Appellant pleaded, by way of defense, that it operated steamships upon the Great Lakes and that the said George Ornstein was a seaman in its employ, and that hence his wages were not subject to garnishment. The court held otherwise, however, and entered judgment against appellant for $46.65 and costs.

Section 12 of the Seaman's Law, which was approved March 4, 1915, provides as follows:

"That no wages due or accruing to any seaman or apprentice shall be subject to attachment or arrest-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ment from any court, and every payment of wages to a seaman or apprentice shall be valid in law, notwithstanding any previous sale or assignment of wages or of any attachment, encumbrance, or arrestment thereon; and no assignment or sale of wages or of salvage made prior to the accruing thereof shall bind the party making the same, except such allotments as are authorized by this title. This section shall apply to fishermen employed on fishing vessels as well as to seamen. * * *"

Except for a proviso added thereto which does not apply to the case at bar, this section is substantially a re-enactment of section 4536, U. S. Rev. St., which has been construed to prohibit the attachment of seamen's wages by garnishment proceedings or otherwise. (*The Amelia*, 183 Fed. 899; *Wilder v. Inter-Island Steam Nav. Co.*, 211 U. S. 239.) So far as the issues in this case are concerned, we think section 12, *supra*, should receive a similar construction, and there being no denial that the said Ornstein was a seaman in the employ of appellant, it follows that the court erred in entering the judgment herein complained of. Accordingly the judgment will be reversed.

*Reversed.*